# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **TODD H. MERCER** | **CIVIL ACTION NO. 17-383-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **LINTON JACOBS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT & RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Todd H. Mercer ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 9, 2017. Plaintiff is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He claims his civil rights were violated by prison officials while incarcerated at the Bossier Parish Medium Correctional Facility in Plain Dealing, Louisiana. He names Linton Jacobs, Daniel Wolf, Deputy Pease, Deputy Beckham, Bobby Funderburk, Lt. Toloso, and Nurse Kimberly as defendants.

Plaintiff claims he was exposed to black mold and unsanitary conditions for 13 months while incarcerated at the Bossier Parish Medium Correctional Facility. He claims Defendants knew of the existence of black mold on the mats and in the showers because of

weekly dorm inspections. He claims Defendants did nothing about the black mold or unsanitary conditions.

Plaintiff claims the long-term exposure to the mold affected his health. He claims he suffers from a chronic dry cough, wheezing in his chest, reoccurring rashes, chronic headaches, occasional nasal bleeding, fatigue, and a constant sinus infection. He claims he is unable to sleep because of his conditions. He claims his physical conditions cause him stress and anxiety which require medication.

Plaintiff claims there was dried, caked on urine and spit on the toilet seats. He claims there were yellow stains on the floor around the toilets. He claims there was an awful stench of urine in the bathroom. He claims the weekly cleaning of the restrooms created a fine mist of mold and human waste in the dorms.

Plaintiff claims Nurse Kimberly delayed his prescribed medications for seven days. He claims he suffered both physical and psychological pain due to the delay.

Plaintiff claims prison officials did not follow their own policies because Defendants lacked proper certification and training. He claims prison officials filed false documents regarding the unsanitary conditions and recreational time allowed inmates.

Plaintiff claims he did not file a grievance in the administrative remedy procedure because he feared retaliation in the form of physical violence by Warden Gray.

Accordingly, Plaintiff seeks costs, fees, and compensatory relief.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits that he did not file a grievance in the administrative remedy procedure because he feared that he would be retaliated against with physical violence [Doc. 1, p. 5].

Furthermore, Plaintiff raised these same claims in <u>Mercer v. Whittington</u>, et al., 5:16-cv-1272 as to the conditions of his confinement. His claims regarding the denial of his medication for seven days was alleged as a retaliation claim. On February 6, 2017, the court dismissed Plaintiff's complaint with prejudice as frivolous and for failure to state a claim.

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

It is further recommended that Plaintiff's motion for subpoenas [Doc. 43] and his motion to issue summonses [Doc. 44] be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 30th day of January 2020.

Mark L. Hornsby
U.S. Magistrate Judge